IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,570-01 & -02






EX PARTE YEMIEL VICTORIO DELGADO, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 23747 & 23886 IN THE 75TH DISTRICT COURT
FROM LIBERTY COUNTY 




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and aggravated sexual assault and sentenced to imprisonment for fifteen years on each
count. He did not appeal his convictions. 

 Applicant claims that counsel rendered ineffective assistance. On November 2, 2011, we
remanded these applications to the trial court for findings of fact and conclusions of law. On remand,
after holding an evidentiary hearing, the trial court made findings and conclusions and recommended
that we deny relief. On February 15, 2012, we remanded these applications again and directed the
trial court to determine, among other things, that if it found counsel's conduct deficient, whether
Applicant had established that he would have insisted on a trial but for counsel's deficient conduct.
On remand, the trial court found counsel's conduct deficient but determined that Applicant was not
prejudiced "in light of the incriminating evidence available to the State and the consciousness of
guilt that arises from Applicant fleeing the State of Texas and remaining away for several years."

 We are not able to determine whether the trial court meant that Applicant was not prejudiced
because there is not a reasonable probability that the result at a trial would have been different,
Strickland v. Washington, 466 U.S. 668, 694 (1984), or that Applicant was not prejudiced because
he would not have insisted on a trial but for counsel's deficient conduct. Hill v. Lockhart, 474 U.S.
52, 59 (1985). In cases such as Applicant's, where a defendant pleads no contest or guilty, the
prejudice inquiry is whether the defendant would not have pleaded no contest or guilty and would
have insisted on a trial but for counsel's deficient conduct. Hill, 474 U.S. at 59; see also Ex parte
Imoudu, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Accordingly, the trial court shall make
further findings and conclusions and determine whether Applicant was prejudiced under the standard
set out in Hill. The trial court shall also make any other findings and conclusions that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 12, 2012

Do not publish